The May Company, Appellee, *v.* Trusnik, Appellant.

(No. 36614—Decided December 8, 1977.)

*Mr. Alan Weinberg*, for appellee.

*Ms. Carolyn McTighe*, for appellant.

Krupansky, J. In 1966 defendant Leonard Trusnik (hereinafter referred to as defendant) bought a television set and a refrigerator from plaintiff, The May Company. These purchases were charged to defendant's account at The May Company. When defendant became delinquent on his account, The May Company and defendant's attorney negotiated an "Installment Agreement." It was executed by defendant on February 13, 1968. Under the terms of the agreement, defendant was to pay to The May Company twenty-six monthly installments of Thirty Dollars each commencing on February 15, 1968. In a letter accompanying the installment agreement, The May Company's collection agent stated:

"* * * [U]pon any delinquency regarding the terms of the installment agreement, the mortgaged property should be repossessed and sold at public auction, and any resultant deficiency balance would be charged to the aforementioned debtor."

Defendant defaulted on the installment agreement some time after May 1969.

Thereupon The May Company sued defendant on the

account in the Cleveland Municipal Court on June 26, 1973. Through an amended complaint, The May Company changed its cause of action and claimed defendant breached the installment agreement. Defendant answered, denied the allegations of the complaint, asserted the statute of limitations as a defense and counterclaimed for breach of warranty. Upon cross motions, the court entered summary judgment for The May Company.

Defendant appealed, but this court dismissed the appeal because counterclaims were still pending. The lower court amended its judgment entry dismissing the counterclaims. Defendant again appeals, assigning three errors:

"I. The trial court erred in entering summary judgment for the plaintiff because its claim was barred by the statute of limitations.

"II. The trial court's entry of summary judgment for the plaintiff was error contrary to Civil Rule 56 where there were genuine issues of material fact in dispute.

"III. It was error for the trial court to dismiss the defendant's counterclaims when there was no motion to dismiss before the court."

In his first assignment of error, defendant contends the lower court erred in applying the fifteen-year statute of limitations in R. C. 2305.06 rather than the four-year statute of limitations in the Uniform Commercial Code, R. C. 1302.98. R. C. 2305.06 provides:

"*Except as provided in Section 1302.98 of the Revised Code,* an action upon a specialty or an agreement, contract or promise in writing shall be brought within 15 years after the cause thereof accrued." (Emphasis added.)

R. C. 1302.98(A) (U. C. C. 2-725) states that an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.*

---

*R. C. 1302.98 provides:

"(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where

There is no question that the four-year statute of limitations in R. C. 1302.98 governs a written contract for the sale of goods. *Miles* v. *N. J. Motors* (1972), 32 Ohio App. 2d 350, 355. The fact that the contract was in writing does not require application of the fifteen-year statute. In *Val Decker Packing Co.* v. *Corn Products Sales Co.* (C. A. 6, 1969), 411 F. 2d 850, 854, the court reasoned that the "* * * specific statute of limitations relating to the specific subject matter of sales in the Ohio Uniform Commercial Code controls over the general statute of limitations dealing with actions for injuries to person or property." Likewise, the U. C. C. statute of limitations specifically relating to sales should prevail over the general statute of limitations governing contracts in writing. Thus, the original contract executed by the defendant at the time the goods were purchased was governed by the four-year statute.

The novel question presented by this case is whether the installment agreement, executed two years after the original sale, is also governed by the four-year statute of the U. C. C. The May Company argues the installment agreement did not fall within the scope of Article 2 of the U. C. C. because it was not executed contemporaneously with the original contract of sale. However, under R. C. 1302.02 (U. C. C. 2-102), the provisions of Article 2, including the four-year statute of limitations, apply to "transactions in goods." A "transaction" as it is used in U. C. C. 2-102 encompasses a far wider activity than a "sale," *Hertz Commercial Leasing Corp.* v. *Transportation Credit Clear-*

a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

"(C) Where an action commenced within the time limited by division (A) of this section is so terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

"(D) This section does not alter sections 2305.15 and 2305.16 of the Revised Code on tolling of the statute of limitations, nor does it apply to causes of action which have accrued before July 1, 1962."

*ing House* (1969), 59 Misc. 2d 226, 298 N. Y. S. 2d 392. We conclude the installment agreement was part of the transaction in goods. Consequently, breach of the agreement triggered the four-year statute of limitations.

The phrase "transactions in goods" was construed in *Skinner* v. *Tober Foreign Motors, Inc.* (1963), 345 Mass. 429, 187 N. E. 2d 668, a case presenting facts very similar to those in the case at bar. The plaintiffs purchased an airplane from the defendant upon execution of an installment contract and an installment note. Plaintiffs, with the knowledge of defendant, were planning to pay the monthly installments from the profits gained by the use of the airplane. The airplane immediately developed engine trouble, necessitating a one thousand four hundred dollar repair not covered by the warranty. Due to the financial burden this placed on plaintiffs, the parties agreed to an oral reduction in the monthly payments for the first year.

The Supreme Judicial Court of Massachusetts upheld the oral modification under U. C. C. 2-209. That section (R. C. 1302.12 in Ohio) provides that an agreement modifying a contract needs no consideration to be binding. The *Skinner* court concluded there could be no doubt the contract modification was a transaction in goods bringing the case within the purview of Article 2. Similarly, the installment agreement executed by defendant in the case at bar was simply a modification in the payment terms of the original contract of sale. In a letter to defendant's attorney, The May Company's collection agent stated the goods should be repossessed upon any delinquency under the installment agreement, thereby demonstrating an intent to make the agreement part of the original transaction. Thus, the installment agreement, a modification of the original contract of sale, is governed by the four-year statute of limitations in R. C. 1302.98.

The May Company argues it was no longer a seller of goods in the context of the installment agreement. However, an action brought by a merchant for the price of items purchased by a customer on his or her charge account is governed by the four-year statute of limitations in U. C. C. 2-725 (R. C. 1302.98). *Gimbel Bros., Inc.,* v. *Cohen* (1969),

6 U. C. C. Rep. Serv. 803. It is an action for breach of the sales contract rather than an action to collect a debt. *Gimbel Bros., supra.* Since the installment agreement was simply a modification of the original contract of sale, the action instituted by The May Company was, as in *Gimbel Bros.,* an action for breach of the sales contract rather than an action to collect a debt.

It is only when the purchase money is advanced by a third party that an action to recover a balance due is removed from Article 2 of the U. C. C. In *Harris Trust and Savings Bank* v. *McCray* (1974), 21 Ill. App. 2d 605, 316 N. E. 2d 209, the issuer of a bank credit card sued the cardholder to recover the balance due on the cardholder's account. The cardholder, having entered into a contract with a merchant for the sale of goods, argued the bank's action was for breach of the sales contract and that the four-year statute of limitations in U. C. C. 2-725 should apply. The bank contended it was a creditor of the cardholder and that the cause of action arose when the cardholder failed to repay the bank for funds advanced to the merchant. The court agreed with the bank, holding that the transaction was a loan governed by the ten-year statute of limitations applicable to written contracts. In the present case the purchase money was loaned by The May Company, not by a third party as in *Harris Trust, supra.* Thus, the sales aspect of the transaction predominated as in *Gimbel Bros., supra.*

In summary, we view the installment agreement executed by the defendant as a modification of the original contract of sale. This modification, enforceable under R. C. 1302.12 (U. C. C. 2-209), did not remove the transaction from the scope of sales contracts governed by Article 2 of the U. C. C. and its four-year statute of limitations. We do not believe that a merchant, by renegotiating the payment terms of a customer's account, should be able to extend the statute of limitations eleven years.

The parties disagree on when the cause of action in the present case arose. It was claimed by The May Company in its answers to interrogatories that defendant made a payment on the note

as late as January 1970. If true, the complaint filed in June 1973 would not be barred by the four-year statute of limitations. However, defendant stated in his affidavit that he made no payments after May 22, 1969. If true, the action would be barred. The records of defendant's account produced by The May Company were confusing and did not resolve this issue. Even if they did, summary judgment would have been improper. Documents in support of motions for summary judgment are to be used not to resolve issues of fact but to determine if issues of fact exist. *United States, ex rel. Jones,* v. *Rundle* (C. A. 3, 1971), 453 F. 2d 147. The trial court was presented with a genuine issue of material fact concerning when the cause of action arose. Under Civ. R. 56(C), it was error for the court to render summary judgment for The May Company.

The first assignment of error is well taken.

In his second assignment of error, defendant claims that other genuine issues of material fact existed rendering the court's summary judgment erroneous under Civ. R. 56(C). We agree. The documents presented by defendant indicate he (1) claims to have made payments not reflected in The May Company's records; (2) disputes the date of the last payment; and (3) claims not to owe plaintiff the sum demanded or any other amount.

The second assignment of error is well taken.

In his third assignment of error, defendant claims it was error for the trial court to dismiss the defendant's counterclaims when there was no motion to dismiss before the court. After the first appeal in this case was dismissed, The May Company filed a motion in the municipal court to amend its judgment entry in order to make it final and appealable. The motion requested an amendment showing "that the Counter-Claims of the Defendant, Leonard E. Trusnik, have been dismissed." This, in effect, was a motion to dismiss which defendant could have contested. Thus, it was within the court's discretion to grant the motion, thereby dismissing the counterclaims.

The third assignment of error is overruled.

*Judgment reversed.*

CORRIGAN, P. J., and PARRINO, J., concur.