JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Harold Cohen, pro se, appeals from the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, The Cadle Company II, Inc. ("The Cadle Company"). For the reasons adduced below, we affirm.
 {¶ 2} The Cadle Company brought this action against Harold Cohen ("Cohen") and HRP Auto Centers, Inc. ("HRP") claiming the defendants had breached an agreement of settlement and release and were jointly and severally indebted to The Cadle Company in the amount of $53,406.35. The parties executed the agreement on July 30, 1987, during HRP's bankruptcy proceeding. The agreement provided that HRP was to execute a cognovit demand note in the amount of $45,000, payable in full on or before September 1, 1987. The agreement also provided that HRP and Cohen would each execute a cognovit term note in the amount of $50,000, with a ten percent interest rate, to be paid in monthly installments of $1,000 commencing July 1, 1987. The Cadle Company, Cohen on behalf of HRP, and Cohen individually, all signed the agreement.
 {¶ 3} Attached to the complaint was an account apparently based upon the $50,000 note. This account reflected a beginning balance of $50,000, thirty-eight transactions in the amount of $1,000 each that were applied to the account, and an ending balance with interest applied in the total amount of $53,406.35.
 {¶ 4} Cohen filed a motion to dismiss under Civ.R. 12(B)(6) that was denied by the trial court. Cohen also filed a counterclaim asserting misrepresentation, fraud and fraudulent inducement.
 {¶ 5} After Cohen filed a motion to compel the production of documents, The Cadle Company filed a brief in opposition and a notice of compliance indicating that the discovery had been provided. The court denied the motion to compel as moot.
 {¶ 6} The Cadle Company filed a motion for summary judgment and attached the agreement of settlement and release, along with an affidavit from its custodian of records verifying the account balance and interest rate. Cohen filed a brief in opposition and The Cadle Company filed a reply brief. The reply brief was stricken by the court since it was filed without leave of court. The trial court granted the motion for summary judgment in favor of The Cadle Company. Thereafter, Cohen filed a motion for findings of fact and conclusions of law that the trial court denied.
 {¶ 7} Appealing the trial court's rulings, Cohen raises five assignments of error for our review. Cohen's first assignment of error provides:
 {¶ 8} "The Court failed to dismiss Case 487869 when requested by the Defendant Harold M. Cohen even though the complaint was filed well beyond the 15 year statute of limitations to file said claim."
 {¶ 9} Cohen argues that he executed the promissory note attached to the agreement of settlement and release on July 30, 1987, and that the complaint was filed more than 15 years thereafter. The Cadle Company claims that because the agreement provided for installment payments, the statute of limitations began to run on the date each installment payment became due and remained unpaid. A review of the account in this case reflects that while not all payments were made by their due dates, 38 payments were applied to the account.
 {¶ 10} The Supreme Court of Ohio has held that the statute of limitations applicable to actions on cognovit notes is the 15-year period set forth in R.C. 2305.06. See Alliance FirstNat. Bank v. Spies (1953), 158 Ohio St. 499, paragraph two of the syllabus. Pursuant to R.C. 2305.06, a cause of action based upon a contract "shall be brought within fifteen years after the cause of action accrues." A cause of action accrues when the contract is violated and actual damage occurs. MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8-9.
 {¶ 11} In this case, a cause of action accrued at the time an installment payment became due and was unpaid. Accordingly, The Cadle Company is entitled to claim any installments that became due and were unpaid within the 15 years prior to the filing of its lawsuit. See Plazzo v. Nationwide Mut. Ins. Co (June 24, 1992), Summit App. No. 15370. Only claims for payments due more than 15 years before this action was filed would be barred. See Id. Since 38 installment payments had been applied to the account, the months of July 1987 through September 1990 were paid, even though certain payments were applied late. The first payment that became due and was left unpaid occurred in October 1990. Since this action was commenced in November 2002, within 15 years of the earliest unpaid installment, this action is within the statute of limitations.
 {¶ 12} Cohen's first assignment of error is overruled.
 {¶ 13} Cohen's second assignment of error provides:
 {¶ 14} "Pursuant to Rule 56C of the Ohio Rules of Civil Procedure the Court failed to conduct an evidentiary hearing even though there were no less than 3 genuine issues of material fact in dispute."
 {¶ 15} Civ.R. 56 does not require an oral hearing to rule on a motion for summary judgment. See Hooten v. Safe Auto Ins.Co., 100 Ohio St.3d 8, 2003-Ohio-4829. Whether to grant a hearing upon the request of a party is purely within the discretion of the trial court. Thompson ECP One v. CuyahogaMetro. Hous. Auth. (Nov. 30, 2000), Cuyahoga App. No. 77591.
 {¶ 16} Cohen's second assignment of error is overruled.
 {¶ 17} Cohen's third assignment of error provides:
 {¶ 18} "The Court failed to grant the Defendant's Motion to Compel Discovery knowing the Plaintiff had failed to comply with producing the discovery request of the Defendant."
 {¶ 19} "[A]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues."State ex rel. The V. Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 20} Cohen's request for production of documents essentially requested all contracts or agreements relating to Cohen and HRP. Cohen filed a motion to compel discovery on December 30, 2003, indicating that there had been no response to his discovery request. The Cadle Company filed an opposition brief and notice of compliance indicating that responsive documents had been mailed to Cohen on December 29, 2003. No further pleadings pertaining to the discovery request were filed with the court. Since the record before us reflects that The Cadle Company did comply with Cohen's discovery request, we find the trial court did not abuse its discretion in finding Cohen's motion was moot.
 {¶ 21} Cohen's third assignment of error is overruled.
 {¶ 22} Cohen's fourth assignment of error provides:
 {¶ 23} "The Court failed to provide the Defendant with its findings of fact and conclusions of law when requested by the Defendant as to why it granted Summary Judgment to the Plaintiff."
 {¶ 24} Findings of fact and conclusions of law are unnecessary in Civ.R. 56 summary judgment determinations. Stateex rel. Sharif v. Cuyahoga County Court of Common Pleas (1999),85 Ohio St.3d 375, 376-377. As provided in Civ.R. 52: "Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." Accordingly, the trial court had no duty to issue findings of fact and conclusions of law.
 {¶ 25} Cohen's fourth assignment of error is overruled.
 {¶ 26} Cohen's fifth assignment of error provides:
 {¶ 27} "The Court struck from the record Plaintiff's Reply Brief filed with the Court prior to the Court issuing Summary Judgment for the Plaintiff which contained material facts supporting the Defendant's claims as to the accuracy of the ledger attached to Plaintiff's complaint."
 {¶ 28} Cohen argues that the trial court erred in striking a reply brief filed by the opposing party. Cohen claims that the reply brief contained statements that were actually favorable to him.
 {¶ 29} A review of the record reflects the trial court issued an entry specifically stating that it would not entertain reply briefs. Further, Loc.R. 11(D) of the Cuyahoga County Court of Common Pleas, General Division, states as follows: "Reply or additional briefs upon motions and submissions may be filed with leave of the Court only upon a showing of good cause." In this case, The Cadle Company's reply brief was filed without seeking leave of court pursuant to Loc.R. 11. We find the trial court did not err in striking the reply brief.
 {¶ 30} Cohen's fifth assignment of error is overruled.
 {¶ 31} Cohen also claims in his brief that there were material issues of fact in dispute. Cohen asserts that payments made were not recorded in the ledger. A review of the account reflects the date transactions were posted, not the dates of the checks. Cohen also offered no evidence that additional payments other than those reflected in the ledger were made. While Cohen attached checks to his brief in opposition, there was no evidence verifying that these checks were submitted and cashed. Several dates on the checks are not legible. Further, the checks only total $35,000, while the ledger reflects a total of $38,000 in payments made. Thus, there was no showing that payments above and beyond those reflected in the ledger were made.
 {¶ 32} Another exhibit to Cohen's opposition brief was a copy of the account reflecting the same balance claimed to be owed in the complaint. Cohen also attached a letter from Daniel C. Cadle, president of The Cadle Company, reflecting $60,000 in payments. However, this letter reflects that $45,000 was applied to the initial payment set forth in the agreement of settlement and release. The remaining $15,000 was applied to the $1,000 installments.
 {¶ 33} Finally, although Cohen claims that he promised to pay only a minimum of $50,000, and seems to be claiming that $50,000 was the extent of his obligation, the agreement for settlement and release establishes that Cohen was obligated on a $50,000 note carrying an interest rate of ten percent per annum. The balance reflected on the account in this action includes accrued interest. Upon the record before us, we find the trial court properly granted summary judgment in favor of The Cadle Company.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Karpinski, J., Concur.