OPINION
{¶ 1} Plaintiff-appellant, The Parmore Group ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, G V Investments, Ltd. and John Voltolini (collectively "appellees"). Appellant's appeal of the trial court's denial of its motion for relief from judgment has also been consolidated with this matter. Because the trial court properly granted summary judgment to appellees, we affirm the judgment of the trial court.
 {¶ 2} On October 3, 1996, appellees executed a promissory note in the principal amount of $100,000 payable to appellant. The note was to be paid in full on or before June 1, 1998, and was to accrue simple interest at a rate of nine percent per year. The note also provided that payments of $4,545.45 were to be made within five days of closing upon the sale of units that were to be built in Champaign County, Ohio.
 {¶ 3} On February 22, 2005, appellant filed a complaint alleging that appellees defaulted on the note, having made no payments thereon. On March 22, 2005, appellees filed an answer and contingent counterclaims. On the same day, appellees filed a motion for summary judgment contending that appellant's claim was barred by the six-year statute of limitations set forth in R.C. 1303.16(A). Appellant filed a memorandum in opposition, arguing that certain language in the note operated as a waiver of the statute of limitations, or, in the alternative, that it converted the note to a demand note subject to the ten-year statute of limitations set forth in R.C. 1303.16(B).
 {¶ 4} In a decision filed June 9, 1995, the trial court rejected appellant's arguments, and held that appellant's claim was barred by the six-year statute of limitations in R.C. 1303.16(A). Having so held, the trial court dismissed appellees' contingent counterclaims.
 {¶ 5} On June 17, 2006, appellant filed a motion for reconsideration, asserting a new argument. In its motion for reconsideration, appellant argued that rather than being subject to the six-year statute of limitations set forth in R.C. 1303.16(A), its claim was subject to the 15-year statute of limitations governing contracts set forth in R.C. 2305.06. In particular, appellant argued the note at issue is not a "negotiable instrument" as defined by R.C. 1303.03(A)(3) because it references the development and sale of certain real estate, and provides for a payment schedule tied to the sale of the yet-to-be-built units. According to appellant, a subsequent holder of the note could not look to the note itself to determine the obligor's payment requirements. Appellant further argued that the reference implies an undertaking on the part of the obligor to develop the real estate and make a good faith attempt to sell the units. Appellant maintained that since R.C. 1303.02(A) limits applicability of the provisions of R.C. Chapter 1303
only to a "negotiable instrument," R.C. 1303.16(A) is not applicable. Alternatively, appellant argued that even if the note qualifies as a "negotiable instrument," it is also a contract, and thus, should be subject to the 15-year statute of limitations contained in R.C. 2305.06.
 {¶ 6} On June 20, 2005, the trial court filed a judgment entry granting summary judgment in favor of appellees, and dismissing appellees' contingent counterclaims pursuant to its June 9, 2005 decision. On July 1, 2005, the trial court overruled appellant's motion for reconsideration on the grounds that final judgment had been entered in the case.
 {¶ 7} On July 8, 2005, appellant filed a Civ. R. 60(B) motion requesting that the trial court vacate its June 20, 2005 judgment. On July 20, 2005, appellant filed a notice of appeal from the trial court's June 20, 2005 judgment granting appellees' motion for summary judgment, asserting a single assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES ON THE BASIS OF APPLICATION OF R.C. 1303.16(A), WHICH IS INAPPLICABLE TO THE NOTE AT ISSUE IN THIS CASE.
 {¶ 8} Appellees filed a contingent cross-appeal, asserting the following as error:
 IF THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT OF PLAINTIFF/APPELLANT, THEN THE TRIAL COURT ALSO ERRED IN DISMISSING THE CONTINGENT COUNTERCLAIMS OF DEFENDANTS.
 {¶ 9} Because the motion for relief from judgment remained pending in the trial court, this court stayed the matter on appeal, and remanded the same to permit the trial court to rule on the motion. Though not addressing the merits of the motion, the trial court summarily denied appellant's motion for relief from judgment on October 2, 2006. Appellant filed an appeal of the trial court's denial of the motion for relief from judgment. The two appeals were consolidated, and the parties agreed to rely on their briefs filed in the original appeal. The consolidated appeals are now before this court for review. Because both appeals are interrelated, we will address them together. Appellant's contention on appeal is that the trial court erred in granting summary judgment in favor of appellees.
 {¶ 10} Summary judgment standards are well-established. Civ. R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 11} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66.
 {¶ 12} The party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding the essential elements of the claims presented. Dresher v. Burt, (1996), 75 Ohio St.3d 280, 292-293. Conclusory assertions that the nonmoving party cannot prove its case are not sufficient to discharge this initial burden. Id. at 293. Similarly, once the burden is satisfied, one cannot prevent summary judgment by merely restating unsubstantiated allegations contained within the original pleadings. Instead, the nonmoving party must demonstrate the continued existence of a genuine issue of material fact by directing the court's attention to relevant, affirmative evidence of the type listed in Civ. R. 56(C). Id., citing Civ. R. 56(E).
 {¶ 13} Appellate review of summary judgment is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 14} It is undisputed that the promissory note at issue is in default. The issue before this court is twofold. The first issue is whether or not the note is a negotiable instrument. The second is whether or not appellant's claim on the note is barred by the six-year statute of limitations applicable to negotiable instruments, or is subject to the 15-year statute of limitations applicable to contracts. Appellant contends the trial court erroneously found the note at issue to be a negotiable instrument governed by Chapter 1303 of the Revised Code, and thereby subject to the six-year statute of limitations contained in R.C. 1303.16(A). In its brief filed in the original appeal, appellant abandons its initial argument made to the trial court, that the note's language operated as a waiver of the statute of limitations, or, in the alternative, that the note's language converted the note to a demand note subject to a ten-year statute of limitations set forth in R.C. 1303.16(B). Instead, appellant asserts in its appellate brief that granting summary judgment in appellees' favor was error because (1) the note at issue is not a negotiable instrument; and (2) even if it is a negotiable instrument, it is also a contract, and, therefore, subject to the longer, 15-year statute of limitations. These arguments are the same as those made to the trial court in appellant's motion for reconsideration and motion for relief from judgment. Though appellees initially argued that such arguments were not properly before this court because they were being raised for the first time on appeal, due to the consolidation, all issues raised are properly before us.
 {¶ 15} Appellant first contends the note is not a negotiable instrument because it requires one to look outside the note itself to determine rights with respect to payment, and it requires an undertaking by the promisor, other than the payment of money. The note at issue is titled "Promissory Note," is dated October 3, 1996, and provides, in pertinent part, as follows:
 The undersigned, jointly and severally, promise to pay to the order of The Parmore Group, an Ohio General Partnership, the sum of:
 ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00)
 on or before June 1, 1998. The undersigned shall pay interest on the unpaid balance of this note at the rate of 9% a year simple interest. Payments shall be made on said note upon the sale of each unit to be built on a certain tract of land containing 3.315 acres in the City of Urbana, County of Champaign and State of Ohio, copy of description attached hereto, said payment shall be $4,545.45 per unit sold, to be paid within five days after the sale and closing of said units.
 All persons now or hereafter liable for the payment of the principal or interest due on this note, or any part thereof, do hereby expressly waive presentment for payment, notice of dishonor, protest and notice of protest, and agree that the time for the payment or payments of any part of this note may be extended without releasing or otherwise affecting their liability on this note.
 {¶ 16} Pursuant to R.C. 1303.03:
 (A) Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:
 (1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
 (2) It is payable on demand or at a definite time.
 (3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:
 (a) An undertaking or power to give, maintain, or protect collateral to secure payment;
 (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;
 (c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.
 {¶ 17} The question of whether a document is a negotiable instrument is determined from the language used on the face of the document by its maker or drawer. Jarvis v. Silbert (Oct. 14, 1999), Franklin App. No. 98AP-1523, citing National City Bank, Dayton v. Ohio Natl. Life Assur.Corp. (1996), 111 Ohio App.3d 387. We find that the note presently before us contains the indicia generally found in a negotiable instrument as defined by R.C. 1303.03. Regardless of the note's language, which provided for the possibility of partial payments to come due on or before the final payment date, the note clearly contains a promise to pay to appellant the fixed amount of $100,000 on or before June 1, 1998. It is important to note that there is no evidence, nor even an allegation, that any payments were ever made on this note. Thus, we fail to see how the note's language providing for a possible partial payment converted this unconditional promise to pay a fixed amount at a definite time to something other than a negotiable instrument.
 {¶ 18} Now that we have determined that the subject note is a negotiable instrument, we must determine whether there is merit to appellant's argument that the note is also a contract, and, therefore, governed by the 15-year statute of limitations set forth in R.C. 2305.06, which provides:
 Except as provided in sections 126.301 [126.30.1] and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued.
 {¶ 19} To the contrary, R.C. 1303.16 provides, in part:
 (A) Except as provided in division (E) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.
 {¶ 20} Despite the clear language of R.C. 1303.16(A), appellant asserts that because the note is a contract, and contracts are subject to a 15-year statute of limitations, as set forth in R.C. 2305.06, this note must also be subject to the 15-year statute of limitations. In support of its position, appellant cites, but fails to discuss, three cases from Ohio jurisdictions. We find, however, that appellant's reliance on these cases is misplaced.
 {¶ 21} Appellant cites Polk v. Robinson, Lake App. No. 2000-L-119, 2003-Ohio-604, for the proposition that where a document is both a negotiable instrument and a contract, the 15-year statute of limitations of R.C. 2305.06 applies. Polk concerned two checks that contained the following language: "Loan — to be paid back by Sept. 30, 1992," and "Loan 60 days." The court concluded that "the checks as written encompass[ed] all of the elements of a contract." Id. at ¶ 29. In so concluding, the court in Polk distinguished Regina Apartments v. VillageGreen (1978), 60 Ohio App.2d 345, in which the Tenth District Court of Appeals held "where writing on a check is unclear as to whether the amount payable constitutes a loan to the payee, and supplemental evidence would be required to complete the terms of whatever understanding the parties may have had, it is not a written contract within the meaning of R.C. 2305.06, so as to be governed by a 15-year period of limitation." Id. at syllabus. The factual scenario before us is not analogous to Polk, thus, not only is Polk not applicable to the case at bar, it does not render support for appellant's position.
 {¶ 22} Appellant also cites BancOhio Natl. Bank v. Freeland (1984),13 Ohio App.3d 245, and Cadle Co. II, Inc. v. HRP Auto Center, Inc., Cuyahoga App. No. 84296, 2004-Ohio-6292, for the general proposition that promissory notes are governed by the 15-year statute of limitations contained in R.C. 2305.06. However, neither of these cases concerned the statute of limitations applicable to negotiable instruments.Freeland concerned a promissory note that was secured by a van. The issue before the Freeland court was whether the appropriate statute of limitations was that which applies to transactions in goods, codified in R.C. 1302.98, or the 15-year contract statute of limitations. The court did not discuss, nor does it appear any of the parties even raised the issue of the six-year statute of limitations on negotiable instruments contained in R.C. 1303.16(A). Similarly, Cadle is equally inapplicable because not only does the Cadle court not discuss the statute of limitations contained in R.C. 1303.16(A), the court was presented with a cognovit note, and the litigation was filed more than 15 years after the parties' agreement.
 {¶ 23} Upon review, we find that the promissory note at issue is a negotiable instrument, and is therefore, governed by Chapter 1303 of the Revised Code. As such, it is subject to the six-year statute of limitations set forth in R.C. 1303.16(A). We find no reason, legal or otherwise, to depart from the Revised Code's governance of negotiable instruments, and apply a different statute of limitations to the note at issue in the case sub judice. Because appellant's claim was clearly filed outside the requisite time frame, appellees were indeed entitled to judgment as a matter of law.
 {¶ 24} For the foregoing reasons, appellant's assignment of error relating to the trial court's granting of summary judgment in favor of appellees is overruled, any alleged error relating to the trial court's denial of the Civ. R. 60(B) motion and appellees' cross-appeal are deemed moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
SADLER and TRAVIS, JJ., concur.