JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kenneth Fisler ("Fisler"), appeals from the lower court's decision that granted plaintiffs-appellees, Loren and Karen Straka's ("Straka"), motion for summary judgment awarding them judgment on a promissory note executed July 10, 1989. Fisler maintains that the trial court erred in denying his motion for summary judgment because the statute of limitations had expired. For the reasons that follow, we reverse and remand.
 {¶ 2} The undisputed operative facts include that Fisler executed a promissory note reflecting a debt in the amount of $15,000 (with interest at "8.0 per cent per annum") owed to "Karen R. or Loren L. Straka" dated July 10, 1989. The complaint avers that Fisler made "one payment on this debt of Ten Thousand Dollars" and the parties agree that Fisler gave his sister, Karen Straka, this amount on December 25, 2000. Fisler claims it was a Christmas gift, while the Strakas say they applied it to his debt. In any case, the parties filed cross-motions for summary judgment. Fisler initially asserted that the matter was barred by the 15-year statute of limitations contained in R.C. 2305.06. Later, Fisler attempted to submit an "additional" motion for summary judgment referring the trial court to the statute of limitations contained in R.C. 1303.16.
 {¶ 3} The trial court applied the 15-year statute of limitations and granted the plaintiffs' motion for summary judgment. On appeal, Fisler raises a sole assignment of error for our review, which states:
 {¶ 4} "I. The trial court committed reversible error by granting summary judgment in favor of plaintiffs."
 {¶ 5} This claim is one for judgment on a promissory note. Notes that do not specify a maturity date, as the one at issue here, are payable on demand. Ranieri v. Terzano (1983), 8 Ohio App.3d 438, 441, citing R.C.1307.07[(A)], other citations omitted. R.C. 1303.16(B) establishes the appropriate statute of limitations to enforce payment on a demand note as follows:
 {¶ 6} "(B) * * * if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note shall be brought within six years after the date on which the demand for payment is made. If no demand for payment is made to the maker of a note payable on demand, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."
 {¶ 7} The record indicates that plaintiff did not make a demand for payment within the six-year time frame. Although Fisler gave Karen Straka money on December 25, 2000, this was over ten years after the July 10, 1989 demand note. Plaintiffs do not claim that Fisler made any other payments on the note, interest or otherwise, prior to December 25, 2000.
 {¶ 8} Plaintiffs assert that Fisler waived his defense of statute of limitations because he initially referred the court to the wrong statute of limitations. Fisler did raise the defense of the statute of limitations, first by filing a motion to dismiss and then through his motion for summary judgment. Accordingly, the issue was before the trial court. The parties and the court applied the wrong statute of limitations. J A Inc. v. Francis, Huron App. No. H-03-006,2004-Ohio-1039, ¶¶ 15-18 (R.C. 1303.16 controls the statute of limitations for demand notes over general provisions of R.C. 2305.06).
 {¶ 9} At oral argument, plaintiffs referred this Court, for the first time, to a 2003 decision from the Fourth Appellate District. Duncan v.Charter One Bank, Fourth Appellate District App. No. 02CA2855, 2003-Ohio-1907. Even if this case law was timely presented to us, it is not binding on this Court and is factually distinguishable. InDuncan, the defendant Bank did not raise the statute of limitations contained in R.C. 1109.69 at the trial level. The Fourth District found the Bank waived the provisions contained in that particular statute by raising it for the first time on appeal. Here, defendant did advise the trial court of the statute of limitations contained in R.C. 1303.16. in his additional motion for summary judgment.
 {¶ 10} The trial court denied Fisler's motion for summary judgment and thereby applied the 15-year statute of limitations of R.C. 2305.06, which was the incorrect statute of limitations. Entering a judgment based upon an application of the wrong statute of limitations is plain error. See Jackson v. International Fiber, Champaign App. No. 2005-CA-38, 2006-Ohio-5799, ¶¶ 15 and 21.
 {¶ 11} Fisler's sole assignment of error is sustained.
 {¶ 12} Judgment reversed and cause remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellees his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, J., and ANTHONY O. CALABRESE, J., CONCUR *Page 1