[Cite as *RPC Elec., Inc. v. Wintronics, Inc.*, 2012-Ohio-1202.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97511

## RPC ELECTRONICS, INC.

PLAINTIFF-APPELLANT

vs.

## WINTRONICS, INC.

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-753980

**BEFORE:**    Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.
**RELEASED AND JOURNALIZED:**    March 22, 2012

**ATTORNEYS FOR APPELLANT**

Brittney L. Cogan
Peter Turner
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard
Suite 500
Cleveland, Ohio   44122


**ATTORNEYS FOR APPELLEE**

Matthew T. Fitzsimmons III
R. Christopher Yingling
Nicola, Gudbranson & Cooper, LLC
Republic Building, Suite 1400
25 West Prospect Avenue
Cleveland, Ohio   44115

MARY J. BOYLE, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Plaintiff-appellant, RPC Electronics, Inc. ("Electronics"), appeals the trial court's decision granting defendant-appellee's, Wintronics, Inc., Civ.R. 12(B)(6) motion to dismiss. We reverse the decision of the trial court and remand for further proceedings.

<u>Procedural History and Facts</u>

**{¶3}** In April 2011, Electronics commenced the underlying action against Wintronics, asserting two counts for breach of contract. With regard to the first count, Electronics alleged that "[b]eginning in July 2006 to August 2006, [it] contracted with [Wintronics] for the assembly of 90 printed circuit board assembly units ('PCBA')." It further alleged that, during this same time period, it sent Wintronics "purchase orders for 90 Printed Circuit Boards ('PCBs') plus labor, which involve [Wintronics] affixing [Electronics'] pre-shipped component kits ('Kits') to PCBs acquired by [Wintronics] from a third party company to create PCBAs." Electronics alleged that Wintronics "affixed 90 of [Electronics'] Kits to 90 defective PCBs, thereby destroying 90 of [Electronics'] Kits."

**{¶4}** As for the second count, Electronics alleged that Wintronics was "responsible for the conversion of 5 PCBAs (from Omnia 5 boards to Omnia 6 boards)

('Converted Boards')" and the delivery of the Converted Boards to Electronics' customer. Electronics alleged that Wintronics failed to ship the Converted Boards to its customer.

{¶5} Based on these alleged breaches, Electronics sought $50,494.20 in damages.

{¶6} In response to the complaint, Wintronics filed a motion for a more definite statement, requesting that Electronics attach the purchase orders to the complaint that gave rise to the claims. The trial court granted Wintronics' motion, and Electronics subsequently submitted invoices and purchase orders relating to the claims. Wintronics then moved to dismiss the complaint on the grounds that the purchase orders related to the sale of goods, not services, and therefore the Uniform Commercial Code's ("UCC") more restrictive four-year statute of limitations governed the contract. Electronics opposed the motion, arguing that it had stated a claim that which relief could be granted. It argued that the contract was a mixed purpose contract for the sale of goods and services and that, based on the purchase orders, the sale of services predominate the contract, thereby invoking a fifteen-year statute of limitations.

{¶7} The trial court ultimately granted Wintronics' motion to dismiss, finding that "[t]he underlying contract * * * between the two parties was for the sale of goods." The court found that the purpose of the contract "was for the defendant to supply [plaintiff's] customer with a working finished product" and therefore the claims were

time barred under the statute of limitations.

{¶8} Electronics appeals, raising a single assignment of error:

{¶9} "The trial court erred as a matter of law in granting appellee's motion to dismiss."

<u>Civ.R. 12(B)(6) Standard</u>

{¶10} "A motion to dismiss for failure to state a claim upon which relief can be granted * * * tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A motion made under Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim; indeed, a court "may not use the motion to summarily review the merits of the cause of action." *Ward v. Graue*, 12th Dist. No. CA2011-04-032, 2012-Ohio-760, ¶ 9.

{¶11} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling plaintiff to recover. *Hester v. Dwivedi*, 89 Ohio St.3d 575, 733 N.E.2d 1161 (2000). A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. *Id.*; *see also Greeley v. Miami Valley Maintenance Contrs. Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d

190, 532 N.E.2d 753 (1988). Therefore, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶12} We review the trial court's decision granting a motion to dismiss under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶13} The gravamen of Wintronics' motion to dismiss was that Electronics' claims were time barred because the predominant purpose of the underlying contract, as evidenced by the purchase orders, was for the sale of goods. While we recognize that the trial court could consider the purchase orders that were submitted in response to Wintronics' Civ.R. 12(E) motion for a more definite statement, we do not find that the purchase orders and invoices conclusively answer the question. It is not apparent on the face of these documents whether the predominant purpose of the parties' underlying contract was for the sale of goods or the sale of services.

{¶14} Notably, Electronics alleged that it contracted with Wintronics "for the assembly" of 90 PCBA units that involved Wintronics using Electronics' pre-shipped Kits to affix to another component for the purpose of creating PCBAs. Electronics further alleged that it contracted with Wintronics for the conversion of converter boards to be delivered to Electronics' customer. These allegations support a theory of a breach

of contract based on services. But the resolution of this issue is not amenable to a motion to dismiss. From the face of the complaint and the attached purchase orders, it is not apparent that the predominant purpose of the contract is the sale of goods or the sale of services. Indeed, both parties contend that the purchase orders support its respective position. Electronics argues that the purchase orders and invoices reveal 80 percent of services and 20 percent of goods. Conversely, Wintronics argues that the purchase orders involve solely the sale of goods. But the parties's respective positions are merely argument and conjecture and are not apparent from the face of the documents.

{¶15} We are limited to reviewing the complaint and the documents submitted in response to the motion for a more definite statement. And based on these documents, we find that Electronics has satisfied its burden to withstand a motion to dismiss. "A complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred." *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. No. 97302, 2010-Ohio-498, ¶ 7. Here, we cannot say that it is apparent that the predominant purpose of the contract is the sale of goods, therefore invoking a four-year statute of limitations under the UCC (as codified in R.C. 1302.01 et seq.).

{¶16} And to the extent that both parties seek this court to make a determination of the applicable statute of limitations, this issue is not ripe for review. Nor do we find sufficient evidence in the record to do so. We do note, however, that Wintronics bears

the burden of establishing that the UCC applies. *See Renaissance Technologies, Inc. v. Speaker Components, Inc.*, 9th Dist. No. 21183, 2003-Ohio-98, ¶ 15. And whether a transaction predominantly involves goods or services is ordinarily a question of fact for the jury. *Mecanique C.N.C., Inc. v. Durr Environmental, Inc.*, 304 F. Supp.2d 971 (S.D.Ohio 2004). Under certain circumstances, however, the matter may be resolved by the court as a matter of law under Civ.R. 56 if there is no factual dispute. But even then, Wintronics bears the burden of demonstrating this and providing the court with evidence to support its position.

{¶17} Accordingly, having found that the trial court erred in granting Wintronics' motion to dismiss, we sustain the sole assignment of error and remand for further proceedings.

{¶18} Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR