[Cite as *Mohammad v. Awadallah*, 2012-Ohio-3455.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97590

---

# AMIN MOHAMMAD

#### PLAINTIFF-APPELLANT

vs.

# SALEH AWADALLAH

#### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743053

**BEFORE:** Jones, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEYS FOR APPELLANT**

Robert R. Kracht
Daniel M. Singerman
McCarthy, Lebit, Crystal & Liffman Co.
101 West Prospect Avenue
Suite 1800
Cleveland, Ohio 44115


**FOR APPELLEE**

Saleh Awadallah, Pro se
17602 Hilliard Road
Lakewood, Ohio 44107

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, Amin Mohammad, appeals the trial court's dismissal of his complaint against defendant-appellee, Saleh Awadallah. We affirm.

{¶2} In May 2003, Awadallah, in his individual capacity and as sole member of Saife Properties, LLC, executed a purchase money note ("Note") with Mohammad in which Mohammad loaned Saife Properties $200,000. The $200,000 was secured by a mortgage on property located at 13939 Lorain Avenue in Cleveland. According to the Note, the $200,000 was due and payable by September 15, 2003.

{¶3} Awadallah was unable to make the payments by the deadline and requested a two-year extension. Mohammad orally agreed to the extension and Awadallah made seven payments toward the balance of the Note. In May 2005, Awadallah requested an extension to December 31, 2005, and Mohammad agreed. Mohammad alleged that Awadallah did not pay off the balance of the Note.

{¶4} In 2007, the property went into foreclosure and both Saife Properties and Mohammad, as holder of the Note, were named defendants in the action. The property was foreclosed upon in 2009 and Mohammad bought the property at sheriff's sale.

{¶5} On December 7, 2010, Mohammad filed a cognovit complaint against Awadallah alleging that Awadallah had failed to pay on the judgment Mohammad had obtained against Saife Properties in *Plymouth Park Tax Servs., LLC v. Saife Properties, LLC,* Cuyahoga C.P. No. CV-643144. An answer confessing judgment was filed on behalf of Awadallah pursuant to a warrant of attorney contained in the Note. The trial

court entered a judgment entry and certificate of judgment against Awadallah in the amount of $593,990.82.

{¶6} On December 30, 2010, Awadallah filed a motion for relief from judgment, pursuant to Civ.R. 60(B) and 62(A). At first Mohammad opposed the motion, but in March 2011, Mohammad filed a motion to vacate the judgment and asked the case to be reinstated to the court's active docket. The trial court granted the motion.

{¶7} In April 2011, Mohammad filed an "amended complaint on promissory note" alleging that Awadallah made partial interest payments on the Note but failed to pay the amount due on the Note. Awadallah moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), alleging that the statute of limitations had expired. The trial court agreed and granted the motion to dismiss. It is from this order that Mohammad now appeals, raising the following assignments of error for our review, which will be discussed together:

> I. The trial court erred by holding that the partial payment rule does not apply to renew the running of the statute of limitations for claims made on a negotiable instrument.
>
> II. The trial court erred by holding that the promissory note at issue was a negotiable instrument subject to a six-year statute of limitations.
>
> III. The trial court erred by holding that the statute of limitations was not tolled by an oral modification which altered the due date of the promissory note at issue.

## Standard of Review

{¶8} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the

plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

{¶9} In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint; the court may not consider outside evidentiary materials. *Greeley v. Miami Valley Maintenance Contrs. Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Within these confines a court presumes all factual allegations in the complaint are true, and all reasonable inferences from those facts are made in favor of the non-moving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 653 N.E.2d 1186 (1995); *Grady v. Lenders Interactive Servs.*, 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 6.

{¶10} Moreover, "[a] complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred." *RPC Elec., Inc. v. Wintronics, Inc.*, 8th Dist. No. 97511, 2012-Ohio-1202, ¶ 15, quoting *Harris v. Pro–Lawn Landscaping, Inc.*, 8th Dist. No. 97302, 2010-Ohio-498, ¶ 7.

{¶11} When a contract is attached to a complaint, Civ.R. 10(C) applies, and provides, in part that "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes." *Seaman v. Fannie Mae*, 8th Dist. No. 92751, 2009-Ohio-4030, ¶ 8. "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *Id.*, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 1997-Ohio-274, 673 N.E.2d 1281, fn. 1.

{¶12} We review the trial court's decision granting a motion to dismiss under a de

novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

Law and Argument

{¶13} Thus, we must determine, de novo, whether Mohammad's claim was barred by the statute of limitations.

{¶14} In his assignments of error, Mohammad argues: (1) that the mortgage was not a negotiable instrument, therefore, the 15-year statute of limitations applied; (2) even if the mortgage was a negotiable instrument and governed by a six-year statute of limitations, the complaint was timely filed because (a) Awadallah's partial payments extended the statute of limitations, and/or (b) the parties' oral modifications to the contract extended the statute of limitations.

Statute of Limitations - Negotiable Instruments

{¶15} Article 3 of the Uniformed Commercial Code ("U.C.C.") governs the creation, transfer and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate. *See Fed. Land Bank of Louisville v. Taggart*, 31 Ohio St.3d 8, 10, 508 N.E.2d 152 (1987); *Bank One, N.A. v. Demmler*, 5th Dist. No. 08CAE100057, 2009-Ohio-3848; *Buckeye Fed. S. & L. Assn. v. Guirlinger*, 62 Ohio St.3d 312, 581 N.E.2d 1352 (1991). Mohammad argues that the Note was not a negotiable instrument, instead, it was a contract and, therefore, was governed by a 15-year statute of limitations under R.C. 2305.06. Mohammad claims that the security agreement governed the terms of the Note, therefore; pursuant to R.C. 1305.05(A)(2), the Note was "subject to or governed by another writing," which made the Note a conditional promise to pay and non-negotiable.

**{¶16}** R.C. 1303.03(A) defines a negotiable instrument, in part, as an unconditional promise to pay a fixed amount of money that (1) is payable to bearer, (2) is payable on demand or at a definite time, and (3) may contain the power to give, maintain, or protect collateral to secure payment. R.C. 1303.05(B) provides that "[a] promise or order is not made conditional by a reference to another writing for a statement of rights with respect to collateral." A note, such as the one in this case, is the primary evidence of the debt and the mortgage on the note is merely the security for payment of the note. *Midland Title Sec., Inc. v. Carlson*, 171 Ohio App.3d 678, 2007-Ohio-1980, 872 N.E.2d 968, ¶ 12 (8th Dist.), citing *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934). The question of whether a document is a negotiable instrument is determined from the language used on the face of the document by its maker or drawer. *Parmore Group v. G&V Invests., Ltd.*, 10th Dist. Nos. 05AP-756 and 06AP-1106, 2006-Ohio-6986, ¶ 17, citing *Jarvis v. Silbert*, 10th Dist.No. 98AP-1523, 1999 Ohio App. LEXIS 4828 (Oct. 14, 1999).

**{¶17}** In this case, the Note contains the indicia generally found in a negotiable instrument as defined by R.C. 1303.03. The Note provided for a fixed amount of money to be paid, $200,000, plus 6.5% interest, to the order of Amin Mohammad, payable at a definite time, September 15, 2003. Simply put, the Note was a promise to pay Mohammad the fixed amount of $200,000 on or before September 15, 2003.

**{¶18}** The security agreement does not govern the terms of the Note so as to render it a contract as opposed to a promissory note secured by a mortgage. Moreover, even if the Note could be considered a contract in addition to a negotiable instrument, Ohio courts have found that the more specific statute of limitations in R.C. 1303.16 controls over R.C.

2305.06. *Brisk v. Draf Industries, Inc.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 20, citing *J & A Inc. v. Francis*, 6th Dist. No. H–03–006, 2004-Ohio-1039, ¶ 18 ("The statute of limitations set forth in R.C. 1303.16(B) specifically applies to demand notes whereas the statute of limitations set forth in R.C. 2305.06 applies to contracts in general."); *Cyphers v. Balzer*, 2d Dist. No. 22182, 2007-Ohio-6133, ¶ 58 ("Because R.C. 1303.16(G) is a specific statute of limitations, it would control over the more general statutes of limitation for written and unwritten contracts in R.C. 2305.06 and R.C. 2305.07"); *Straka v. Fisler*, 8th Dist. No. 88005, 2007-Ohio-981, ¶ 8 (in claim for judgment on promissory note, trial court erred in applying 15-year statute of limitations under R.C. 2305.06 because R.C. 1303.16, the more specific provision, was controlling).

{¶19} Because the Note in this case was a negotiable instrument, it was governed by a six-year statute of limitations under R.C. 1303.16(A). The date the Note first became due was September 15, 2003; therefore, the statute of limitations expired on September 15, 2009. Mohammad did not file his initial complaint until December 2010, clearly past the six-year statute of limitations.

{¶20} Mohammad argues that the statute of limitations was tolled because Awadallah made partial payments on the Note until May 2005; therefore, he had until May 2011 to file his complaint. To support his claim that partial payment on the Note extended the statute of limitations, Mohammad cites *Gattozzi v. Blakemore*, 9th Dist. No. 9241, 1979 Ohio App. LEXIS 10983 (Oct. 24, 1979), and *Kordel v. Occhipinti*, 11th Dist. No. 2007-L-163, 2008-Ohio-6770. But neither of these cases deal with R.C. 1303.16.

{¶21} Mohammad also cites to *Estate of Hart v. Hart*, 10th Dist. No. 07AP-504, 2007-Ohio-6861, in which the Tenth Appellate District court found that a creditor's gift to

the debtor in the form of forgiveness of part of a debt not yet due was not a "payment" with respect to the note evidencing that debt, for purposes of R.C. 1303.16(B).

**{¶22}** While the *Hart* court did imply or suggest that if the debtor had made an actual payment on the loan, it may have tolled the six-year statute of limitations, we are unpersuaded by Mohammad's argument that we should follow the suggestion. We decline to ferret out the implication in *Hart* to conclude that the partial payment rule changes the law in Ohio and applies to the case at bar.

**{¶23}** Next, Mohammad claims that the "partial payment rule" found in contract law, *see* R.C. 2305.08, should be applicable to negotiable instruments. Mohammad concedes that no court in Ohio has yet done this, and we decline to be the first to do so. *See Brisk*, *supra* at ¶ 24-25 (declining to find that statute of limitations was tolled pursuant to tolling provisions in contract law); *see also Metz v. Unizan Bank*, 6th Cir. Nos. 09-3751, 09-3879, 09-4363, 2011 U.S. App. LEXIS 17227 (Aug. 19, 2011) (declining to apply a discovery rule to the statute of limitations in R.C. 1303.16(G)).

**{¶24}** Finally, Mohammad claims that the oral modifications to the contract should toll the statute of limitations. But any alleged oral modification is subject to the statute of frauds, codified in Ohio by R.C. 1335.05, which provides, in pertinent part, that "[n]o action shall be brought whereby to charge * * * a person upon an agreement * * * that is not to be performed within one year from the making thereof; unless the agreement * * * is in writing and signed by the party to be charged therewith."

**{¶25}** Ohio courts have long recognized that a signed written contract constitutes a party's final expression of its agreement. *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, 909 N.E.2d 93, ¶ 34. The statute of frauds is necessary

because a "signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs." *Olympic Holding* at *id.*, citing *Seale v. Citizens S. & L. Assn.*, 806 F.2d 99, 104 (6th Cir.1986). Thus, "[a]greements that do not comply with the statute of frauds are unenforceable." *Olympic Holding* at ¶ 32, citing *Hummel v. Hummel*, 133 Ohio St. 520, 14 N.E.2d 923 (1938), paragraph one of the syllabus.

{¶26} In this case, the alleged oral modifications to the Note extended the contract by more than two years, making it subject to the statute of frauds. As such, it had to be reduced to writing and signed. Mohammad has not alleged that it was; moreover, in his complaint, he admits that the loan modifications were oral agreements.

{¶27} Therefore, finding that Mohammad's complaint was barred by a six-year statute of limitations, the trial court did not err in granting Awadallah's motion to dismiss.

{¶28} The assignments of error are overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR