[Cite as *Caffie v. Daugherty Med. Group*, 2013-Ohio-5891.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DONNA CAFFIE, | : | APPEAL NO. C-120568 |
| | | TRIAL NO. A-1100026 |
| Plaintiff-Appellant, | : | |
| and | : | *O P I N I O N.* |
| ANTOINETTE DANIELS, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| DAUGHERTY MEDICAL GROUP, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| DR. JAMES L. KEGLER, | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 24, 2013

*Rasheed Asani Simmonds LLC*, and *Rasheed Simmons,* for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP, Paul W. McCartney* and *Jeffrey M. Hines*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1} Plaintiff-appellant Donna Caffie appeals from the judgment of the Hamilton County Court of Common Pleas entering summary judgment for defendant-appellee Daugherty Medical Group. Because the Daugherty Medical Group did not move for summary judgment in this action, or file any memorandum or evidence in support of such a motion, we reverse the trial court's judgment.

{¶2} Caffie and five other plaintiffs filed this action on January 3, 2011, asserting tort claims against Daugherty Medical Group and its alleged employee, Dr. James L. Kegler. According to the complaint, Caffie and the other plaintiffs had refiled the claims in accordance with R.C. 2305.19, Ohio's saving statute, after having originally filed the claims in the case numbered A-0705355, which they had dismissed pursuant to Civ.R. 41(A).

{¶3} The new action was assigned to the common pleas judge who had been assigned the original action. On July 19, 2012, the trial court in the new action journalized an entry partially granting the Daugherty Medical Group's "pending motion for summary judgment" after determining that Caffie's claims were barred by the statute of limitations. The trial court, in its entry, certified that "there [wa]s no just cause for delay" with respect to that judgment.

{¶4} In her sole assignment of error, Caffie contends that the trial court erred by granting summary judgment for Daugherty Medical Group on her claim. Although she presents substantive arguments in support of a reversal, she first notes that the trial court granted summary judgment based solely upon the filings in the dismissed action, including the motion for summary judgment and the arguments and evidence in support. Because we have confirmed that Caffie has accurately

reported the state of the record in the proceedings before the trial court in the new action, we reverse the trial court's judgment on that basis.

{¶5}  R.C. 2305.19, Ohio's saving statute, provides a plaintiff a limited period of time to refile a dismissed claim that would otherwise be time-barred. The statute provides that "[i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than on the merits, the plaintiff * * * may commence a *new action* within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."  (Emphasis added.)  R.C. 2305.19(A).

{¶6}  As demonstrated by the italicized language, the refiled claim is a new action. That new action does not incorporate the documents filed in the dismissed action.  For the court to consider those documents in the new action, a party must file them in the new action.

{¶7}  A summary judgment is not appropriate "unless it appears from * * * [the] evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."  Civ.R. 56(C).  "Where no motion has been filed, and necessarily no evidence attached thereto, no conclusion, favorable or adverse, is properly available upon which to base an order for summary judgment." *Marshall v. Aaron*, 15 Ohio St.3d 48, 50, 472 N.E.2d 335 (1984).

{¶8}  In this case, the record in the new action did not support the partial summary judgment entered for the Daugherty Medical Group.  Although the refiled action was assigned to the same trial judge as the dismissed action, the necessary documents from the dismissed action were not filed in the new action. Therefore, we hold that the trial court erred by granting partial summary judgment for the

Daugherty Medical Group where the Daugherty Medical Group failed to move for summary judgment or file any memorandum or evidence in support of such a motion in the new action. For that reason, we sustain the assignment of error.

{¶9} Accordingly, we reverse the trial court's entry of summary judgment for the Daugherty Medical Group on Caffie's claim, and we remand this cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**HENDON, P.J.**, **CUNNINGHAM** and **FISCHER, JJ**.

Please note:

The court has recorded its own entry on the date of the release of this opinion.