[Cite as *U.S. Bank, Natl. Assn. v. Broadnax*, 2019-Ohio-5212.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

U.S. BANK NATIONAL ASSOCIATION as Trustee Successor in Interest to Bank of America, National Association as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-8,

    Plaintiff-Appellee,

  vs.

WALTER G. BROADNAX, JR.,

    Defendant-Appellant,

  and

JANE DOE, name unknown, Spouse of WALTER G. BROADNAX, JR.,

UNITED STATES OF AMERICA, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE,

UNITED STATES OF AMERICA, U.S. ATTORNEY (Cinti),

CHAMPION WINDOWS MANUFACTURING & SUPPLY CO.,

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

APPEAL NO. C-180650
TRIAL NO. A-1307447

*O P I N I O N.*

STATE OF OHIO, DEPARTMENT OF :
TAXATION, OHIO ATTORNEY
GENERAL REVENUE RECOVERY, :

  and                                 :

STATE OF OHIO, BUREAU OF :
WORKERS' COMPENSATION, OHIO
ATTORNEY GENERAL REVENUE :
RECOVERY SECTION,

     Defendants.                 :

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 18, 2019

*Eckert Seamans Cherin & Mellott, LLC* and *Gwenn S. Karr*, for Plaintiff-Appellee,

*Robbins, Kelly, Patterson & Tucker, Michael A. Galasso* and *Robert M. Ernst*, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1} In this foreclosure action, the parties devote most of their briefing attention on appeal to issues that were never broached with the trial court below. Resisting the temptation to wade into this thicket, we instead confine ourselves to the arguments properly preserved in the record. We ultimately find the defendant's statute of limitations argument meritorious, as the bank waited for too long to commence this suit after accelerating the loan (granted, there were some twists and turns along the way, which we describe below). We accordingly reverse summary judgment in favor of the bank and remand with instructions to enter judgment for the defendant.

I.

{¶2} The roots of this case stretch back to April 2004, as it involves a promissory note, executed by defendant-appellant Walter Broadnax and secured by a mortgage on a residential property located in Cincinnati. Nearly three years into his payments (and on the cusp of the global financial crisis), Mr. Broadnax defaulted on the note, failing to make his March 2007 payment. LaSalle Bank, the holder of the note at that time (and predecessor in interest to plaintiff-appellee U.S. Bank) dutifully sent him a notice of default, informing him of the default and advising that, in the absence of curing the default within 30 days, the bank had the right to accelerate the full amount due under the note. The 30 days came and went without any payment from Mr. Broadnax, prompting LaSalle Bank to file, on June 13, 2007, the first (of several) foreclosure complaints against Mr. Broadnax and other parties with interests in the property. After two years of litigation, LaSalle Bank and Mr. Broadnax agreed to a stipulated dismissal signed by counsel, resulting in the court dismissing the case without prejudice.

3

{¶3} The record stands silent on what motivated the parties to dismiss the first suit, but in any event, Mr. Broadnax persisted in his failure to satisfy his payment obligations under the note. As a result, roughly three years from dismissal of the first action, in June 2012, LaSalle Bank filed another foreclosure complaint against Mr. Broadnax based upon the same default. This suit enjoyed a shorter lifespan than the first, but ended in similar fashion with a stipulated dismissal without prejudice in May 2013.

{¶4} In November 2013, after a merger with LaSalle Bank, U.S. Bank joined the festivities, filing a third complaint against Mr. Broadnax—once again seeking to obtain judgment on the same promissory note and to foreclose on the mortgage securing the note. In response to this complaint, Mr. Broadnax raised myriad affirmative defenses, chief among them that the statute of limitations barred U.S. Bank from bringing its claims. Following discovery, both parties moved for summary judgment. In Mr. Broadnax's motion, he argued that because the first complaint filed in June 2007 triggered acceleration of the entire debt, the statute of limitations ran six years later, in June 2013, thereby barring the complaint filed in November 2013. To get around the statute of limitations, U.S. Bank staked out the position that the statute never ran because the third complaint filed in November 2013 accelerated the loan, not the first complaint filed in June 2007. Buttressing the point, U.S. Bank explained (1) that the filing of a complaint alone is not necessarily evidence of acceleration, and (2) that even if the first complaint did somehow prompt acceleration of the loan, then the first complaint's dismissal without prejudice "deaccelerated" the loan.

{¶5} Upon considering the competing arguments, the magistrate granted summary judgment for U.S. Bank and accordingly denied Mr. Broadnax's motion for summary judgment. Over Mr. Broadnax's objections, the trial court adopted the magistrate's decision

granting summary judgment in favor of the bank. Neither the trial court nor the magistrate discussed the statute of limitations defense in the decisions.

{¶6} Mr. Broadnax now appeals the trial court's judgment, raising a single assignment of error challenging the court's failure to apply the statute of limitations as a bar to the suit. Complicating this appeal, U.S. Bank scuttles its legal theories below (about deacceleration and the like) and now concedes that the first complaint filed in June 2007 accelerated the debt. But to stave off reversal, U.S. Bank fashions a new argument out of whole cloth, insisting that the saving statute pursuant to R.C. 2305.19(A) nevertheless shields its third complaint. In response to this newly-minted argument, Mr. Broadnax features a new argument of his own in his reply brief, asserting that the "double dismissal" rule applies and bars U.S. Bank's present claim for relief. Although the saving statute and the double dismissal rule present interesting questions, as neither made even a cameo below, we need only consider the issue before the trial court—whether the first complaint filed on June 13, 2007 triggered acceleration of the entire debt, thereby starting the statute of limitations clock, and rendering the most recent complaint untimely.

## II.

{¶7} Construing the facts in the light most favorable to Mr. Broadnax, summary judgment is proper where no genuine question of material fact exists and the moving party is entitled to judgment as a matter of law. *First Fin. Bank, N.A. v. Mendenhall*, 2017-Ohio-7628, 84 N.E.3d 1113, ¶ 6 (1st Dist.). We review a grant of summary judgment de novo. *Ligon v. Winton Woods Park*, 1st Dist. Hamilton No. C-180073, 2019-Ohio-1217, ¶ 6.

{¶8} As noted above, the dispute below turned on whether the first complaint filed in June 2007 accelerated the entire debt, thus triggering the six-year statute of limitations period. Notably, both parties agree that, because the promissory note here is a "negotiable

instrument" under Ohio law, the statute of limitations provided within R.C. 1303.16(A) governs. *See* R.C. 1303.03(A) (" '[N]egotiable instrument' means an unconditional promise or order to pay a fixed amount of money * * *."); *Mohammad v. Awadallah*, 8th Dist. Cuyahoga No. 97590, 2012-Ohio-3455, ¶ 19 ("Because the Note in this case was a negotiable instrument, it was governed by a six-year statute of limitations under R.C. 1303.16(A)."). Pursuant to R.C. 1303.16(A), "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought * * * if a due date is accelerated, within six years after the accelerated due date."

{¶9}   Based on this language, the date of acceleration commences the running of the six-year statute of limitations under R.C. 1303.16(A). *Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930, ¶ 10 (8th Dist.) ("The date of acceleration or the natural maturity date of the instrument is the triggering event for the statute of limitations under R.C. 1303.16."). However, the language does not definitively answer which events constitute an acceleration of the entire loan. Pondering this question, courts generally agree that " '[d]efaulting on the monthly obligation is not the same as accelerating the due date of the entire balance unless the note provides for such an occurrence.' " *Bank of New York Mellon v. DePizzo*, 2015-Ohio-4026, 42 N.E.3d 1218, ¶ 18 (11th Dist.), quoting *Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 101598, 2015-Ohio-769, ¶ 10.

{¶10} In other words, a default by itself does not suffice; rather, acceleration requires "some affirmative action on the part of the lender." *Walker* at ¶ 11; *DePizzo* at ¶ 18 ("While there are limited cases in Ohio interpreting acceleration under R.C. 1303.16(A), courts in other states have noted, in applying UCC 3-118, that acceleration generally requires a separate act, aside from a mere failure to meet a due date, especially when there is language in the note that the lender *may* give notice of acceleration due to non-

6

payment.") (Emphasis sic.[1]).  Although some caselaw supports the notion that the filing of a prior foreclosure complaint constitutes the requisite "affirmative action" demonstrating acceleration, we need not weigh in on this point today since, as discussed more below, U.S. Bank now acknowledges that the first complaint filed in June 2007 indeed initiated acceleration.  *See Walker* at ¶ 11 ("The filing of a foreclosure action is such an affirmative action because acceleration is required as a condition precedent to a foreclosure filing."); *but see DePizzo* at ¶ 25 (holding that because the record only showed that the parties settled and dismissed the previous foreclosure action, without evidencing the reasons behind termination, the filing of the prior foreclosure complaint could not alone indicate acceleration occurred).

{¶11} During the lower proceedings, U.S. Bank and Mr. Broadnax fenced over the date of acceleration, with Mr. Broadnax pointing to June 2007 and U.S. Bank insisting on November 2013.  To reach that date, U.S. Bank crafted a novel "deacceleration" argument, positing that even if the 2007 complaint accelerated the debt, the subsequent stipulated dismissal deaccelerated it.   Presumably because it could find no authority substantiating the point, it abandons this argument on appeal.  When a party raises an argument below, but forsakes it on appeal, we treat it as abandoned and should not consider the point.  *See Dept. of Natural Resources v. Ebbing*, 2015-Ohio-471, 28 N.E.3d 682, ¶ 78 (3d Dist.), fn. 15 ("We note that in its motion in limine, [plaintiff-appellant] also argued that [defendants-appellees' expert's] report should be excluded * * *. However, because [plaintiff-appellant] abandoned this argument on appeal, we will not address the merits of this argument.").

{¶12} Instead, U.S. Bank now admits, in its appellate brief, that "the date of acceleration may be assumed as June 13, 2007," the date of filing for the first complaint.

---

[1] Because R.C. 1303.16 codified UCC 3-118, Ohio courts generally draw from decisions interpreting UCC 3-118.

This concession effectively gives away the farm because the bank resorts to a waived argument to defend the trial court's decision. It contends that the June 2007 acceleration date is of no moment because the second lawsuit was timely filed and thus the third (filed within a year of dismissal of the second) rescues the case based upon the saving statute embodied in R.C. 2305.19(A). As a brief aside, the saving statute allows a plaintiff an opportunity to assert a claim despite the relevant statute of limitations period's expiration when the initial action fails "otherwise than upon the merits." *See Caffie v. Daugherty Med. Group*, 1st Dist. Hamilton No. C-120568, 2013-Ohio-5891, ¶ 5 ("R.C. 2305.19, Ohio's saving statute, provides a plaintiff a limited period of time to refile a dismissed claim that would otherwise be time-barred."); *Wilson v. Durrani*, 1st Dist. Hamilton Nos. C-180196 and C-180194, 2019-Ohio-3880, ¶ 21, quoting *Frysinger v. Leech*, 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987) ("Where the saving statute applies, 'the date for filing the new action relates back to the filing date for the preceding action for limitations purposes.' "). To reap the benefits, the plaintiff must file the claim within one year after the date of the failure otherwise than upon the merits. *See* R.C. 2305.19 ("In any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.").

{¶13} But, as we have already noted, U.S. Bank did not present this saving statute argument to the trial court below, and therefore waived its right to raise it for the first time on appeal. *Ditech Fin., LLC v. Balimunkwe*, 1st Dist. Hamilton No. C-180445, 2019-Ohio-3806, ¶ 11, quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("[A] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal]."). And even if we could review the saving statute's

application to this case, that argument backs into potential problems with the double dismissal rule and whether either of the two prior dismissals should have been treated as dismissals on the merits (as explained in Mr. Broadnax's reply brief). We need not wrestle with such questions today, however, in light of the bank's waiver.

{¶14} Because the bank accelerated the entire debt in June 2007, pursuant to R.C. 1303.16(A), the six-year statute of limitations clock expired in June 2013, rendering U.S. Bank's November 2013 complaint barred by the statute of limitations. Accordingly, because Mr. Broadnax conclusively proved his statute of limitations defense, the trial court erred in denying his motion for summary judgment.

III.

{¶15} For the foregoing reasons, we sustain Mr. Broadnax's sole assignment of error and find the trial court erred in granting U.S. Bank's motion for summary judgment and denying Mr. Broadnax's motion for summary judgment. Accordingly, we reverse the trial court's judgment and remand the cause for entry of judgment in Mr. Broadnax's favor based upon his statute of limitations defense.

Judgment reversed and cause remanded.

CROUSE and WINKLER, JJ., concur.

Please note:

The court has recorded its own entry this date.